# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

SYLVESTER TURNER, JR.,

      Petitioner,

v.                                    Civil Action No. 3:11cv167

LORETTA K. KELLY,

      Respondent.

## MEMORANDUM OPINION

Petitioner Sylvester Turner, Jr., a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition")[1] challenging his conviction in the Circuit Court of the County of Hanover of carjacking after having been twice convicted of a violent felony. Turner contends that he is entitled to federal habeas relief based on the following grounds:

> Ground One–Ineffective Assistance of Trial Counsel: Counsel was ineffective in pretrial investigations and pretrial proceedings creating irreparable conflicts which led to the impeding of counsel's duty to conduct a viable and diligent defense as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States.
>
> Ground Two–Ineffective Assistance of Appellate Counsel: Counsel failed to present evidence in support of Petitioner's request for change of counsel, violating Petitioner's

---

[1] The statute states, in pertinent part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

right to effective review on appeal as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

Ground Three–Judicial Misconduct: The trial court violated Petitioner's due process rights by instructing the jury to use Petitioner's past criminal history for more than the probative value it was introduced for, violating the Fourteenth Amendment to the Constitution of the United States.

Ground Four–Judicial Misconduct: The trial court erred in its order reflecting a continuance had occurred, effectively waiving Petitioner's speedy trial rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Ground Five–Evidence Insufficient: Petitioner's conviction was obtained as a result of evidence that was insufficient to persuade a properly instructed jury of guilt beyond a reasonable doubt as required by the Fourteenth Amendment to the Constitution of the Untied States.

(§ 2254 Petition.)

Respondent filed a motion to dismiss (Docket No. 10) with appropriate *Roseboro*[2] notice (Docket No. 12), arguing that Turner has failed to exhaust Grounds One through Four, while Ground Five has been exhausted for purposes of federal review. Respondent moves to dismiss Turner's § 2254 Petition because it presents a mix of exhausted and unexhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *Rose v. Lundy*, 455 U.S. 509, 520-22 (1982).

Turner has not filed a response to Respondent's motion to dismiss, and the time in which to do so has passed. However, Turner has acknowledged in his § 2254 Petition and in other filings before the Court that Grounds One through Four are unexhausted and that he currently has

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

a petition for a writ of habeas corpus pending before the Supreme Court of Virginia raising claims identical to Grounds One through Four. Turner has requested that the Court stay the action and hold it in abeyance on the docket while he exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 274-76 (2005).

The Supreme Court of the United States has admonished that "stay and abeyance should be available only in limited circumstances." *Id*. at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Here, Turner has not stated any good cause for his failure to first exhaust his claims in state court. While Turner expresses concern about the applicable statute of limitations, there appears to be time for him to file a federal petition for a writ of habeas corpus after the conclusion of his state collateral proceedings. *See* 28 U.S.C. § 2244(d). Accordingly, Turner's motion to stay and abey will be DENIED. The motion to dismiss will be GRANTED and the action will be DISMISSED WITHOUT PREJUDICE so that Turner may exhaust his state court remedies. The Court admonishes Turner that any petition for writ of habeas corpus in federal court should be filed promptly at the conclusion of his state collateral proceedings.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

3

proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Turner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: 6-28-11
Richmond, Virginia